East'n District
*Jan'y.* 1825.

MILLER & AL.
*vs.*
MERCIER & AL

The re-enacting in the Civil Code the general provisions in the ancient laws of the country, does not repeal the exceptions with which the general rule was limited.

*MILLER & AL.* vs. *MERCIER & AL.*

APPEAL from the court of the first district.

PORTER, J, delivered the opinion of the court. This is an action against a third possessor of property, on which the plaintiffs aver they have a lien, or privilege. The defendants insist that the plaintiffs cannot recover until they shew a judgment against their principal debtor. They also plead prescription, and other pleas. This case has been already heard, and an opinion was given by this court at last May term. A re-hearing was granted, and the parties have been again heard, on the points on which the defendants required a re-examination.

The principal ground, on which a change of the former judgment of the court has been insisted on, is, that no judgment has been shewn against the principal debtor, and that the debt has not been established. To this the plaintiffs reply, that it is impossible for them to procure a judgment against their debtor, because he has become insolvent: and that the existence of the debt is shewn by their being placed on the bilan of the bankrupt; and by an admission of

the defendants on record, that the items men-
tioned in the account were furnished by the
plaintiffs to Hart, the insolvent debtor; that
they were incorporated in the cotton press, of
which the defendants have become the pur-
chasers.

We have held, in a variety of cases, that the
re-enacting in the civil code, of the general
provisions, found in the ancient laws of this
country, did not repeal the exceptions with
which the general rule was limited; and in the
opinion lately delivered in the case of *Herman*
vs. *Sprigg, ante,* 205, we have again gone into
the reasons on which that rule has been esta-
blished in this court. An application of this
doctrine has been made to the subject now un-
der consideration, in the case of *Nathan & al.*
vs. *Lee—vol.* 2, 32. And we are unable to dis-
tinguish on principle, that case from this—
for there is the same exception in the Spanish
law to the necessity of a judgment in case of
insolvency, that there is where the deed of
mortgage contains the pact of *non alienando.*
*Cur. Phil. p.* 2. *Tercero poseedor, no.* 13.

The existence of the debt, it appears to us,
is sufficiently established by the declaration of

We have been pressed to remand the cause, because the decision of the judge, dismissing the case for want of the plaintiffs shewing a judgment against the principal debtor, prevented the defendant from introducing evidence to shew that the claim sued on was unfounded. So far as the record gives information on that point, and to it alone must we look when the parties do not agree in their statements; the judgment appears to have been rendered after the evidence was gone through. We therefore are unable to discover any legal ground on which we can remand the cause.

The former judgment of the court does not require any alteration.

*Lockett* for the plaintiffs, *Derbigny* for the defendants.